UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ZEREGA AVENUE REALTY CORP. and FRED
TODINO & SONS, INC.,

        Plaintiffs,

        -against-

HORNBECK OFFSHORE TRANSPORTATION, LLC,

        Defendant.
-------------------------------------------------------------------X

Opinion & Order
04 Civ. 9651 (KMW) (KNF)

WOOD, U.S.D.J.:

Defendant Hornbeck Offshore Transportation, LLC ("Hornbeck") has moved to vacate the reference of the above-captioned matter to a Magistrate Judge (hereinafter "motion to vacate" or "motion"). Hornbeck also claims that Plaintiffs committed perjury and fraud at trial, and asks this Court to refer Plaintiffs' conduct to the U.S. Attorney's Office for investigation. Plaintiffs oppose the motion.

For the reasons stated below, the Court DENIES Hornbeck's motion in its entirety.

I.    Background and Procedural History

The facts and procedural history of this case are detailed in prior decisions, familiarity with which is assumed. See, e.g., Zerega Avenue Realty Corp. v. Hornbeck Offshore Transp., LLC, No. 04 Civ. 9651, 2007 WL 3125318 (S.D.N.Y. Oct. 27, 2007), and 571 F.3d 206 (2d Cir. 2009). The Court reviews only the procedural history relevant to the instant motion.

In brief, Plaintiffs allege that Hornbeck's barge allided with a relieving platform on Plaintiffs' property, thereby damaging the platform and an adjacent office building. (See generally Am. Compl.; see also Pl. Mem., Dkt. Entry No. 148, at 2.) By stipulation dated March

21, 2006 ("2006 Stipulation"), the parties consented to conduct all proceedings, including any trial and entry of final judgment, before a Untied States Magistrate Judge.  (See Dkt. Entry No. 55.)  Thereafter, the Magistrate Judge found Hornbeck liable to Plaintiffs, see Zerega Avenue Realty Corp., 2007 WL 3125318, at *6, and is currently presiding over proceedings on remand from the Second Circuit.

Following remand, Hornbeck sought to introduce "evidence and witnesses that would establish [that P]laintiffs' claims in this case were fraudulent, and in significant part based upon perjury."  (Def. Mem. at 7.)   By Memorandum and Order dated June 2, 2010, the Magistrate Judge granted in part and denied in part Hornbeck's request.  See Zerega Avenue Realty Corp. v. Hornbeck Offshore Transp., LLC, No. 04 Civ. 9651, 2010 WL 2365866, at *6 (S.D.N.Y. June 2, 2010).  In the same Memorandum and Order, the Magistrate Judge also denied Hornbeck's request to withdraw its consent to proceed before a magistrate judge.  See id. at *6.  The Magistrate Judge instructed Hornbeck that such a request "must be directed to the district judge who referred this matter to the undersigned . . . ."  Id.

By Order dated December 14, 2010, the Magistrate Judge set trial to commence on January 12, 2011.  (See Dkt. Entry No.  143.)  On the eve of that trial—and more than six months after the Magistrate Judge informed Hornbeck that its motion to vacate should be directed to this Court—Hornbeck filed the instant motion, alleging that a number of the rulings in the Magistrate Judge's June 2010 Memorandum and Order "evidence[ ] an inability to be impartial . . . ."  (Def. Mem. at 12.)  Hornbeck also asks this Court to refer "this matter . . . to the United States Attorney's Office for investigation into the fraudulent acts and perjury by [P]laintiffs and their principals."  (Def. Mem. at 12.)

II.     Motion to Vacate

Hornbeck argues that this Court should vacate the reference to the Magistrate Judge because (a) "Hornbeck did not authorize its prior attorney to consent to proceed before a Magistrate Judge," (Def. Mem. at 12; see also id. at 1 n.4); and (b) the Magistrate Judge's adverse evidentiary rulings show that he is unable "to serve impartially," (id. at 1).

    A.    <u>Authorization of Consent</u>

        1.    Applicable Law

Section 636(c)(1) of Title 28 provides that a District Court judge may, upon consent of the parties, refer all proceedings in a civil matter to a magistrate judge. 28 U.S.C. § 636(c)(1). Rule 73 of the Federal Rules of Civil Procedure implements Section 636, and governs proceedings that have been referred to a magistrate judge. See, e.g., Anderson v. Woodcreek Venture Ltd., 351 F.3d 911, 917 (9th Cir. 2003).

In order to "signify their consent" to proceed before a magistrate judge, "the parties must jointly or separately file a statement consenting to the referral." Fed. R. Civ. P. 73(b)(1). An attorney's consent on behalf of his or her client binds the client: "the general rule that an attorney has the authority as an agent to bind a client on actions taken within the scope of the attorney's authority applies, and an attorney's consent to proceed before a magistrate judge is sufficient under the statute." Frank v. County of Hudson, 962 F. Supp. 41, 43 (D.N.J. 1997). See also United States v. Muhammad, 165 F.3d 327, 331 (5th Cir. 1999) (upholding an attorney's consent to proceed before a magistrate judge as binding upon the party; "As the Supreme Court [has] recognized . . ., our judicial system is based on 'representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.' . . . One can only imagine the havoc that would ensue should we allow otherwise.") (internal citations omitted); Woo v. City of New York, No. 93 Civ. 7007, 1997 WL 277368, at *4-5 (S.D.N.Y. May 27, 1997); De Ponce v.

-3-

Buxbaum, No. 90 Civ. 6344, 1995 WL 51098, at *5 (S.D.N.Y. Feb. 9, 1995) (party's "conclusory assertion that her attorney was not authorized to consent on her behalf [to proceed before a magistrate judge] is without merit. The general rule is that a party who voluntarily selects counsel is bound by the actions taken on the party's behalf.").

        2.        Application of Law to Facts

The Court rejects Hornbeck's contention that its attorney's alleged lack of actual authority to consent to proceed before a magistrate judge vitiates the 2006 Stipulation. The applicable authorities clearly permit counsel to consent on behalf of a client to proceed before a magistrate judge; an attorney's alleged lack of actual authority to do so is legally insignificant.[1] See, e.g., Woo, 1997 WL 277368, at *4-5; De Ponce, 1995 WL 51098, at *5.

    B.    "Extraordinary Circumstances"

        1.        Applicable Law

Litigants enjoy no absolute right to withdraw a validly given consent to proceed before a magistrate judge. Carter v. Sea Land Services, Inc., 816 F.2d 1018, 1021 (5th Cir. 1987).

---

[1] As a separate matter, the Court notes (1) Hornbeck's delay in raising its consent argument, and (2) Hornbeck's delay in filing its motion to vacate.

First, in support of its motion, Hornbeck submits the declaration of its Claims Manager, who states that "Hornbeck follows its litigation closely, and insists upon being intimately involved in decision-making, with the aid [of its] outside counsel." (Johnson Decl., Dkt. Entry No. 147, ¶ 5) (emphasis added). In the same declaration, the Claims Manager asserts that

> Hornbeck was never informed by its prior counsel that counsel had consented to proceeding to trial before a Magistrate Judge. In fact, Hornbeck was unaware until *after the trial was conducted*, and the Magistrate Judge *rendered its decision* on the case on October 23, 2007, that prior counsel had consented to trial before a Magistrate Judge, having waived Hornbeck's right to proceed before a District Court judge. It was only after former counsel wrote to me to inform Hornbeck of the Magistrate Judge's decision [that] counsel inform[ed] Hornbeck of his unilateral decision, without input from Hornbeck, to proceed to trial before a Magistrate Judge.

(Id. ¶ 3) (emphasis added). Hornbeck offers no explanation for having waited more than three years after judgment to raise its consent argument before this Court.

Second, Hornbeck offers no explanation for having waited until shortly before its January 12, 2011 trial date to file the instant motion, when the Magistrate Judge explicitly instructed Hornbeck, on June 2, 2010, that its motion to vacate "must be directed to" this Court. See Zerega Avenue Realty Corp., 2010 WL 2365866, at *6.

Rather, such consent may be withdrawn only by the Court, "for good cause shown on its own motion, or under extraordinary circumstances shown by any party . . . ." 28 U.S.C. § 636(c)(4) (emphasis added). See also Fed. R. Civ. P. 73(b)(3) ("On its own for good cause—or when a party shows extraordinary circumstances—the district judge may vacate a referral to a magistrate judge under this rule.") (emphasis added). The drafters of the statutory text and the implementing rule chose their words deliberately. As the Senate Judiciary Committee explained, the district court's power to vacate a reference to a magistrate judge

> is to be exercised only where it is appropriate to have the trial before an Article III judicial officer because of the extraordinary questions of law at issue and judicial decisionmaking is likely to have wide precedential importance. It is not intended that this subsection be used to remove routinely certain categories of cases.

S. Report No. 74, 96th Cong., 1st Sess. 14 (1979) (emphasis added).

The "extraordinary circumstances" standard is difficult to satisfy.[2] The authority to vacate a reference to a magistrate judge was "certainly not meant to permit a party to argue that rulings by the magistrate judge warranted withdrawal of the case." Jackson v. Rohm & Haas Co., No. 05-4988, 2009 WL 773938, at *3 (E.D. Pa. Mar. 19, 2009) (internal quotations omitted). As the Fifth Circuit has explained, such an interpretation of Section 636(c) and Rule 73(b) "would allow the party to hold the power of consent over the magistrate like a sword of Damocles, ready to strike the reference should the magistrate issue a ruling not quite to the party's liking. We will not countenance such fast and loose toying with the judicial system." Carter, 816 F.2d at 1020-21. A magistrate judge's purported "bias," as allegedly manifested through his or her rulings, does not meet the "extraordinary circumstances" standard. See Manion v. Am. Airlines, 251 F. Supp. 2d 171, 172 (D.D.C. 2003) (citing Clay v. Brown,

---

[2]   Indeed, Hornbeck cites no decision in which a movant has satisfied the standard.

Hopkins & Stambaugh, 892 F. Supp. 11 (D.D.C. 1995)). The proper means by which to correct perceived erroneous rulings is to take an appeal, not to seek the "eviction [of] the magistrate judge from the case . . . ." Doe v. Nat'l Bd. of Med. Examiners, No. 99-4532, 2001 WL 1003206, at *6 (E.D. Pa. Aug. 14, 2001) (citation omitted).

2.  Application of Law to Facts

Hornbeck has failed to demonstrate the "extraordinary circumstances" necessary to warrant vacating its reference to a magistrate judge. Hornbeck claims that certain rulings during the initial trial, as well as on remand, demonstrate the Magistrate Judge's "inability to serve impartially."[3] (Def. Mem. at 1, 11.) Of particular concern to Hornbeck is the Magistrate Judge's "refusal to permit at retrial evidence which would not only establish [that] its defense is meritorious, but that [P]laintiffs' case is fraudulent." (Id. at 12.) According to Hornbeck, the Magistrate Judge's rulings "evidence[ ] an inability to be impartial, perhaps as a result of [his] extensive findings against Hornbeck at the first trial based upon incomplete evidence." (Id.) However, claims of the Magistrate Judge's alleged "bias," as manifested through his rulings, fall far short of satisfying the "extraordinary circumstances" standard required by Section 636(c)(4)

---

[3] Because the alleged bias of a magistrate judge, as manifested through his or her rulings, does not constitute "extraordinary circumstances" pursuant to Section 636(c)(4) or Rule 73(b)(3), see, e.g., Manion, 251 F. Supp. 2d at 172; Frank, 962 F. Supp. at 44; Clay, 892 F. Supp. at 14-15, the Court need not review each ruling that, according to Hornbeck, reflects the Magistrate Judge's bias.

For purposes of completeness, however, the Court notes that Hornbeck objects to the Magistrate Judge's preclusion of the testimony of: (a) Stanley White (Def. Mem. at 8; see Zerega Avenue Realty Corp., 2010 WL 2365866, at *3 ("[A]llowing Hornbeck to elicit opinion testimony from White, on a subject about which he was not qualified to give opinion testimony, will not be allowed.")); (b) Christopher Todino and Louis Bruno (Def. Mem. at 10; see Zerega Avenue Realty Corp., 2010 WL 2365866, at *3-4 (noting that Todino and Bruno had already testified at the first trial; reexamination of these witnesses in order to impeach their credibility was (i) barred by the law of the case doctrine, due to a ruling by the Second Circuit on this issue; and (ii) "unnecessary," because the Magistrate Judge would permit Hornbeck "to make any argument to the Court the record evidence supports concerning" issues related to the credibility of Todino and Bruno)); and (c) Wayne Cahilly and Richard Eberhardt (Def. Mem. at 10; see Zerega Avenue Realty Corp., 2010 WL 2365866, at *3 ("[T]he testimony [Hornbeck] proposes to elicit from [Cahilly and Eberhardt] . . . is evidence [Hornbeck] had at its disposal, at the time of the trial, and elected not to use. . . . No utility exists in allowing Hornbeck a second opportunity to present evidence it elected not to use previously, where the Court finds that evidence is not likely to aid it appreciably in deciding the two issues remanded for retrial.")).

and Rule 73(b)(3).  See Manion, 251 F. Supp. 2d at 172; Frank, 962 F. Supp. at 44; Clay, 892 F. Supp. at 14-15.  Hornbeck additionally claims that the Magistrate Judge (a) "chide[d]" Hornbeck for failing to produce an expert on the issue of causation, despite having previously precluded Hornbeck's expert; and (b) characterized Hornbeck's response to a particular ruling as " 'disturbing.' "  (Def. Mem. at 11.)  Yet, "[p]erceived friction between the party and the magistrate judge, even coupled with adverse rulings, is not extraordinary, but is, in fact, quite ordinary and normal."  Doe, 2001 WL 1003206, at *4.  Finally, the Court rejects the claim that Hornbeck has satisfied the "extraordinary circumstances" standard by alleging that its attorney was unauthorized to execute the 2006 Stipulation.  See, e.g., Woo, 1997 WL 277368, at *5 (citing cases).

In sum, the Court finds that Hornbeck has failed to demonstrate that "extraordinary circumstances" warrant vacating the reference of this matter to the Magistrate Judge.  If Hornbeck believes that the Magistrate Judge's rulings are erroneous, its remedy is not to seek to vacate the reference to the Magistrate Judge, but rather to take an appeal from the Magistrate Judge's final decision.  See, e.g., Doe, 2001 WL 1003206, at *4.

III.   Request for Referral to the United States Attorney's Office

Hornbeck also claims that Plaintiffs committed perjury and fraud at trial, and asks this Court to refer Plaintiffs' conduct to the U.S. Attorney's Office for investigation.  (Def. Mem. at 12.)  In light of the denial of Hornbeck's motion to vacate, any application for this relief must be made to the Magistrate Judge.

IV.     Conclusion

For the reasons stated above, the Court DENIES Hornbeck's motion in its entirety.

SO ORDERED.

Dated:  New York, New York
        January 10, 2011

                                                    /Kimba M. Wood/
                                            ─────────────────────────
                                                 KIMBA M. WOOD
                                             United States District Judge