UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

ZEREGA AVENUE REALTY CORP. and  :
FRED TODINO & SONS, INC.,
                                 :
                    Plaintiffs,            **MEMORANDUM AND ORDER**
                                 :
        -against-                          04 Civ. 9651 (KNF)
                                 :
HORNBECK OFFSHORE
TRANSPORTATION, LLC,             :

                    Defendant.   :
------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

In this admiralty action, arising out of the alleged allision of the defendant's tugboat and barge with the plaintiffs' relieving platform, the defendant has made a motion to strike the rebuttal opinion testimony of Steven I. Schneider, P.E. ("Schneider").  According to the defendant, Schneider's testimony is unreliable because it is based on unfounded assumptions, phantom calculations and his ignorance of elementary maritime concepts, such as ebb tide and gross registered tonnage.  The plaintiffs oppose the motion contending that Schneider employed reliable methods in forming his opinions and reaching the conclusions about which he testified in rebuttal.  These methods include, inter alia, drawing upon his: (1) education, as an engineer; (2) observations and inspections of the plaintiffs' relieving platform; (3) military experience commanding a tugboat flotilla; (4) past experience sailing on the Westchester Creek, in the vicinity of the plaintiffs' relieving platform; and (5) communications with, and information from, SEA TOW, a "service he and other mariners use to determine the current when sailing," and applying Newton's Second Law, "one of the most basic laws of physics."  The plaintiffs

maintain that the defendant's motion is meritless and must be dismissed.  The motion is analyzed below.

## DISCUSSION

Rule 702 of the Federal Rules of Evidence provides the following:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.

"The inquiry envisioned by Rule 702 is . . . a flexible one." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 594, 113 S. Ct. 2786, 2797 (1993).  The Rule requires a court, when an action is tried either to a jury or the bench, to perform a "gatekeeping" function to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Id. at 597, 113 S. Ct. at 2799.

"Disputes as to the strength of [an expert witness's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony." McCullock v. H.B. Fuller Co., 61 F.3d 1038, 1044 (2d Cir. 1995).  Similarly, assertions that an expert witness's testimony is based upon unfounded assumptions go to the weight, not the admissibility, of the testimony.  See Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 1188 (2d Cir. 1992).

The Court determined that, in order to rebut evidence presented by the defendant's expert witnesses, the plaintiffs could present opinion testimony, from Schneider, on the effect of wind, water current, and the speed of defendant's tugboat and barge on the force with which the barge is alleged to have allided with the plaintiff's relieving platform.  The defendant cross-examined

2

Schneider vigorously on the opinions and conclusions he expressed in rebuttal and, as a result, contends they are the product of unfounded assumptions, unverifiable calculations and his ignorance of relevant maritime concepts. The Court finds that the asserted fallibility of Schneider's assumptions, the faults ascribed to the methodology he employed, and the attacks on his knowledge of maritime concepts are all matters that go to the weight to be accorded to his testimony, not to its admissibility. Therefore, no need exists to strike Schneider's rebuttal opinion testimony. Should the Court find, when it reviews the entire record, prior to rendering its decision, that Schneider's testimony is unreliable, as the defendant contends, the Court has the discretion to disregard his testimony. See Reliance Ins. Co. v. Keystone Shipping Co., 7 Fed. Appx. 111, 112, 2001 WL 345184, at *1 (2d Cir. April 5, 2001) (citing Fisher v. Vassar College, 70 F.3d 1420, 1447 (2d Cir. 1995)).

## CONCLUSION

For the reasons set forth above, the defendant's motion to strike Schneider's rebuttal opinion testimony, Docket Entry No. 178, is denied. In addition, the defendant's motion to strike Schneider's testimony, Docket Entry No. 166, is denied, as moot.

Dated:  New York, New York
       August 8, 2011

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

3