```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ZEREGA AVENUE REALTY CORP and
FRED TODINO & SONS, INC.,            :

                Plaintiffs,          :

        -against-                    :    MEMORANDUM AND ORDER

HORNBECK OFFSHORE                    :    04 Civ. 9651 (KNF)
TRANSPORTATION, LLC,
                                     :
                Defendant.
------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

Before the Court is the defendant's motion, made pursuant to Rule 45 of the Federal Rules of Civil Procedure, seeking "an order of contempt, or alternatively, an order scheduling a contempt hearing as a result of Steven Schneider's ["Schneider"] failure to comply with the terms of the trial subpoena served upon him by [the defendant] on May 11, 2011." The plaintiffs oppose the motion.

## BACKGROUND

On May 11, 2011, the defendant served Schneider, a non-party to this action, with a subpoena to appear and testify at the trial of this action and to bring with him the following documents, electronically stored information, or objects:

> 1) Your complete *original file* relating to your work and/or investigation of the relieving platform located at 1000 Zerega Avenue, (including the collapse thereof), as well as any buildings or structures thereon, or adjacent thereto, and any damage sustained by any such buildings or structures;
> 2) All original records maintained, kept, examined and/or prepared, at any time, by you, with respect to your investigation and/or work performed in relation to the relieving platform located at 1000 Zerega Avenue, including, the collapse thereof,

>as well as any buildings or structures thereon or adjacent thereto and any damage sustained by any such building or structure;
>3) All original drawings, sketches, diagrams, models, exemplars and/or other physical representations, computer files or diagrams relating to the relieving platform located as 1000 Zerega Avenue, including, the collapse thereof, as well as any buildings or structures thereon or adjacent thereto and any damage sustained by any such buildings or structure[.]

The defendant contends that Schneider did not object to the May 11, 2011 subpoena. On May 18, 2011, Schneider appeared to testify at the trial. He stated that, except for his 2005 report, which was received in evidence in this action previously, he had no documents in response to the subpoena. During the trial, the defendant inquired of Schneider:

>Q. You didn't take out a chart to determine the width of the creek in the area where the allision allegedly occurred, is that correct?
>A. I looked at the chart, yes.
>Q. You just said - -
>A. I didn't measure the width of the creek because it's kind of irrelevant, excuse me.
>Q. Did you take out a chart and plot the distance of the width of the creek in the area where the allision allegedly took place?
>A. I did not plot the width of the creek.
>Q. Did you plot or did you determine what the length of the tug and the barge during the tow would have been at the time of the alleged allision?
>A. Yes, I did.
>    * * *
>Q. How big was the barge?
>A. I don't have the chart in front of me. I have the dimensions and stuff of the barge. I don't have it in front of me.
>Q. I believe I asked you the last time you were here whether in response to the subpoena you brought with you everything you had in this case. You said you had nothing. Now you're saying you have a chart somewhere?
>A. I had an outline of the weight of the barge and the tug and that.
>Q. And where is it?
>A. Over the years it disappeared.
>Q. Well, you just came up with this theory about the skeg hitting the dock. Isn't it just recently that you came up with these numbers that you put together in a chart?
>A. I put together numbers based on Newton's law. Straight, simple.
>    * * *
>Q. Sir, you've testified that you put something together which you called a chart which showed the length of the barge? That's just what you said. Where is

2

|   |   |   |
|---|---|---|
| | | it? |
| | A. | No, no, no.  A chart meaning the width of the Westchester Creek. |
| | Q. | You said you put something together.  What did you put together? |
| | A. | I made an analysis based on Newton's law of what an allision would do to the, what forces would be impacted. |

* * *

|   |   |   |
|---|---|---|
| | Q. | So now you're saying you don't have anything at all.  You don't have any writings, you don't have any calculations, nothing.  Just your affidavit, that's all you have. |
| | A. | That's correct. |

According to the defendant, Schneider's testimony, that the outline of the weight of the tug and barge had disappeared over the years, is "implausible given the fact that Schneider's testimony concerning the impact force of the allision which called for consideration of the weight of the barge was given for the first time in his April 22, 2011 affidavit, not years earlier." Schneider testified, on May 18, 2011, that he "had scraps with notes on it" where he wrote "what one knot is in feet per second," but that he did not have that piece of paper with him because he left it "near the courtroom." The defendant contends that Schneider "willfully violated the terms of the subpoena, and then on May 18, 2011 lied about his having not [sic] documentation to produce in response to it."

The plaintiffs contend that Schneider complied with the defendant's subpoena and the "scrap of paper which Schneider had in his possession on May 18, 2011, during the trial of this matter, was not even responsive to the Trial Subpoena. Rather, it was merely a memory aid, and was not part of his original file, much less even in existence at the time the Trial Subpoena originally was served." According to the plaintiffs, the defendant failed to establish that the scrap piece of paper "was even subject to the Trial Subpoena," or "when it was created." The plaintiffs seek dismissal of the motion, "together with costs and attorney fees in Plaintiffs' favor,

pursuant to Rule 11 of the Federal Rules of Civil Procedure."[1]

Schneider submitted an affidavit, opposing the motion, in which he stated that the "only item that was not turned over to defense counsel was a 'scrap of paper' showing the conversion of one knot in feet per second." According to Schneider, in making his calculations, he used the conversion of knots to feet and wrote "this constant of 1 knot = 1.6878 feet per second on a small piece of paper" he brought to the court when he testified, since he "had not committed this conversion of knots to feet per second to memory." Schneider stated that he "did not willfully disobey a subpoena."

## DISCUSSION

"The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). However, to hold a party or non-party in civil contempt, a moving party must establish that: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004). Absent clear and convincing evidence of non-compliance, the harsh remedy of civil contempt is not warranted. See Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc., 341 F.2d 101, 103 (2d Cir. 1965). A contempt "order is a potent weapon, to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the [alleged contemnor's] conduct." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995) (internal

---

[1] The plaintiffs' request for sanctions against the defendant, pursuant to Rule 11 of the Federal Rules of Civil Procedure, made in its opposition to the defendant's motion for contempt, is improper and will not be considered. See Fed. R. Civ. P. 11(c)(2).

4

quotation marks and citations omitted).

Here, the plaintiffs concede that the defendant's May 11, 2011 subpoena was clear and unambiguous, and the Court agrees. Schneider testified that he had no documents to produce in response to the May 11, 2011 subpoena and that the only piece of paper, referenced during his testimony, contained his note on the conversion of one knot into feet, that he wrote down as a memory aid for use in connection with testifying at the trial. However, Schneider explained that, although he brought that piece of paper with him to the court on the day he testified, May 18, 2011, he left it near the courtroom and did not have it at the time he testified. Schneider provided a reasonable explanation for his failure to produce to the defendant the conversion note he wrote on a piece of paper prior to testifying. Moreover, the truth of Schneider's statement, that he had no documents to produce in response to the subpoena, is irrelevant to the determination of whether his explanation for non-production of the piece of paper at issue is reasonable. See Sigety v. Abrams, 632 F.2d 969, 977 (2d Cir. 1980). Other than the piece of paper with Schneider's conversion note, the defendant did not establish the existence of any other documents, demanded by the subpoena, that Schneider failed to produce. See Fremont Energy Corp. v. Seattle Post Intelligencer, 688 F.2d 1285, 1287 (9th Cir. 1982) (no violation of a subpoena *duces tecum* can be demonstrated without showing that the documents requested exist).

## CONCLUSION

The Court finds that holding Schneider in contempt is not warranted because: (1) the May 11, 2011 subpoena was clear and unambiguous; (2) the defendant failed to present clear and convincing evidence of Schneider's noncompliance with the May 11, 2011 subpoena; and

(3) Schneider diligently attempted to comply with the May 11, 2011 subpoena, in a reasonable manner. Therefore, the defendant's motion, Docket Entry No. 182, is denied.

Dated:  New York, New York
        August 25, 2011                          SO ORDERED:

                                                 _____
                                                 KEVIN NATHANIEL FOX
                                                 UNITED STATES MAGISTRATE JUDGE