USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ZEREGA AVENUE REALTY CORP. and            1:04-cv-09651(KNF)
FRED TODINO & SONS, INC.

                Plaintiffs,            **SUPERSEDEAS BOND**

    -against-

HORNBECK OFFSHORE TRANSPORTATION, LLC

    Defendants.
-----------------------------------------------------------------X

WHEREAS, Hornbeck Offshore Transportation, LLC Appellant, has prosecuted an appeal to the United States Circuit Court of Appeals for the SecondCircuit from the Judgment entered the 23rd day of March, 2012 in the office of the Clerk of the above-named Court, against the said Appellant Hornbeck Offshore Transportation, LLC, and in favor of Zerega Avenue Realty Corp. and Fred Todino & Sons, Inc., Appellees, in the amount of $1,794,083.21.

NOW, THEREFORE, International Fidelity Insurance Company, a corporation of the State of New Jersey, duly authorized to transact business pursuant to the Act of Congress approved August 13, 1894, International Fidelity Insurance Company, does hereby undertake in the sum of One Million, Nine Hundred and Ninety-One Thousand, Four Hundred and Thirty-Two Dollars and Thirty-Six Cents ($1,991,432.36) that if the above-named Appellant, Hornbeck Offshore Transportation, LLC, shall satisfy the judgment herein in full together with costs, interest and damages for delay, if for any reason the appeal is dismissed,

Approved 4/17/12

RUBY J. KRAJICK
CLERK OF COURT

BY _____            -1-            Kenny & Zonghetti
Deputy Clerk                                 26 Broadway
                                             New York, New York 10004

or the judgment is affirmed, and shall satisfy in full such modification of the judgment and such costs, interest, and damages as the Appellate Court may adjudge through a final, unappealable award, then this obligation shall be void; otherwise the same shall be and remain in full force and virtue.

However, in no event shall the aggregate liability of the surety exceed $1,991,432.36.

Dated:     New Orleans, Louisiana
16th, April 2012

INTERNATIONAL FIDELITY INSURANCE COMPANY

By: _____

Darlene A. Bornt, Attorney-in-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

EMILY G. LAPEYRE, LINDA C. SHEFFIELD, CONWAY C. MARSHALL, STEPHEN BEAHM, R. TUCKER FITZ-HUGH, CLARK P. FITZ-HUGH, DARLENE A. BORNT, CATHERINE C. KEHOE, KRISTINE DONOVAN, ELIZABETH K. WRIGHT

New Orleans, LA.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 16th day of October, A.D. 2007.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Secretary

On this 16th day of October 2007, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires March. 27, 2014

CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this 17th day of April 2012

Assistant Secretary

# INTERNATIONAL FIDELITY INSURANCE COMPANY
ONE NEWARK CENTER, 20TH FLOOR, NEWARK, NEW JERSEY 07102-5207

STATEMENT OF ASSETS, LIABILITIES, SURPLUS AND OTHER FUNDS

AT DECEMBER 31, 2010

## ASSETS

| | |
|---|---:|
| Bonds (Amortized Value) | $46,649,126 |
| Common Stocks (Market Value) | 62,328,576 |
| Mortgage Loans on Real Estate | 2,167,950 |
| Cash & Bank Deposits | 97,628,047 |
| Short Term Investments | 1,544,986 |
| Other Invested Assets | 435,828 |
| Unpaid Premiums & Assumed Balances | 7,067,426 |
| Reinsurance Recoverable from Reinsurers | 2,981,958 |
| Electronic Data Processing Equipment | 338,089 |
| Investment Income Due and Accrued | 263,824 |
| Current Federal & Foreign Income Tax Recoverable & Interest Thereon | 589,361 |
| Net Deferred Tax Assets | 4,800,000 |
| Receivables from Parent, Subsidiaries and Affiliates | 912,570 |
| Other Assets | 2,287,918 |
| TOTAL ASSETS | $229,995,658 |

## LIABILITIES, SURPLUS & OTHER FUNDS

| | |
|---|---:|
| Losses (Reported Losses Net as to Reinsurance Ceded and Incurred But Not Reported Losses) | $16,522,284 |
| Loss Adjustment Expenses | 4,990,366 |
| Contingent Commissions & Other Similar Charges | 5,064,116 |
| Other Expenses (Excluding Taxes, Licenses and Fees) | 3,142,789 |
| Taxes, Licenses & Fees (Excluding Federal Income Tax) | 284,768 |
| Unearned Premiums | 30,565,137 |
| Dividends Declared & Unpaid: Policyholders | 500,000 |
| Ceded Reinsurance Premiums Payable | 2,529,630 |
| Funds Held by Company under Reinsurance Treaties | 1,031 |
| Amounts Withheld by Company for Account of Others | 71,612,437 |
| Provisions for Reinsurance | 2,104 |
| Payable to Parent, Subsidiaries and Affiliates | 73,243 |
| Other Liabilities | 6,721 |
| TOTAL LIABILITIES | $135,294,626 |
| Common Capital Stock | $1,500,000 |
| Gross Paid-in & Contributed Surplus | 374,600 |
| Surplus Note | 16,000,000 |
| Unassigned Funds (Surplus) | 77,831,432 |
| Less: Treasury Stock at cost (22,333 shares common) (value incl. $45.) | 1,005,000 |
| Surplus as Regards Policyholders | $94,701,032 |
| TOTAL LIABILITIES, SURPLUS & OTHER FUNDS | $229,995,658 |

I, Francis L. Mitterhoff, President of INTERNATIONAL FIDELITY INSURANCE COMPANY, certify that the foregoing is a fair statement of Assets, Liabilities, Surplus and Other Funds of this Company, at the close of business, December 31, 2010, as reflected by its books and records and as reported in its statement on file with the Insurance Department of the State of New Jersey.



IN TESTIMONY WHEREOF, I have set my hand and affixed the seal of the Company, this 24th day of February, 2011.
INTERNATIONAL FIDELITY INSURANCE COMPANY

