```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ZEREGA AVENUE REALTY CORP and     :
FRED TODINO & SONS, INC.,
                                  :
                Plaintiffs,
                                  :
       -against-                         MEMORANDUM AND ORDER
                                  :
HORNBECK OFFSHORE                        04 Civ. 9651 (KNF)
TRANSPORTATION, LLC,              :
                Defendant.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
```

*Background*

Before the Court is the defendant's motion for: (1) leave to deposit with the court the entire value of the March 23, 2012 judgment awarded in this action; (2) an order pursuant to 28 U.S.C. § 1651(a), staying the restraint or writ of the New York City Marshal so that the defendant may pay the judgment in this case to the court; and (3) "a so-ordered Satisfaction of Judgment and Release of Bond" upon the defendant's deposit of the value of the judgment with the court, releasing the defendant and the company which issued the bond posted in connection with an appeal from the judgment, from any obligations related to this action; or, in the alternative, "an order staying the enforcement of the judgment and accrual of post-judgment interest until fourteen days after [the plaintiffs'] motion and all related issues are resolved."

The Second Circuit affirmed the March 23, 2012 judgment in this action. In March 2013, the defendant was served with a "Levy and Demand and Execution with Notice to Garnishee" ("Levy and demand"), notifying it that plaintiff Fred Todino & Sons, Inc. is a judgment debtor and ordering it to pay the New York City Marshal funds in its possession owed to Todino &

Sons, Inc. to satisfy a $706,927.74 judgment obtained in 2010, in the United States District Court for the Eastern District of New York, by Todino & Sons. Inc.'s creditors.  The defendant contends that, if it complies with the Levy and Demand, by paying the New York City Marshal $706,927.74, and pays the remainder in satisfaction of the judgment in this action, plaintiff Zerega Avenue Realty Corp. will contest that the defendant satisfied the judgment, and the defendant will not be able to obtain a satisfaction of judgment and the release of the bond posted to stay the enforcement of the judgment pending appeal.  The defendant maintains that, by permitting it to deposit the entire judgment with the court, the funds will be held in trust until all issues concerning the right to the judgment can be determined, which will not prejudice the rights of Todino & Sons, Inc.'s creditors but only protect the defendant from penalties and potential liability due to circumstances beyond the defendant's control.  According to the defendant, "[i]t is well settled that depositing the funds with the court stops the accrual of interest."

   The defendant also seeks to stay the restraint or writ of the New York City Marshal so that it can deposit the amount of the judgment with the court without violating the Levy and Demand.  It contends that, "without staying the execution of the Levy and Demand, the Court will be deprived of its opportunity to hear and decide these issues, and ultimately enforce its judgment."  Furthermore, upon deposit of the funds with the court, the defendant seeks an order releasing it and the bonding company from their respective obligations in connection with this action, because the judgment in this action would be paid and the purpose for which the supersedeas bond was filed, prior to the defendant's appeal, would no longer exist.  Alternatively, the defendant seeks an order staying the enforcement of the judgment and accrual of post-judgment interest, until fourteen days after the resolution of the plaintiffs' "motion and

all related issues."

The plaintiffs submitted a declaration by their attorney "in support of the defendant's motion." According to the plaintiffs' attorney, the plaintiffs "contest the position of [the] judgment creditor[s] of [Todino & Sons, Inc.], that [Todino & Sons, Inc.] has any interest in the March 23, 2012 judgment of this Court." Moreover, Todino & Sons, Inc.'s creditors "improperly added post judgment interest to its Federal Court judgment based upon the New York State interest rate, rather than in accordance with 28 U.S.C. § 1961." The plaintiffs' attorney contends that the defendant should be permitted to deposit with the court "the sum of $706,927.74, the disputed amount with respect to the 2012 Judgment, which is set forth in the Levy and Demand, served by the New York City Marshal ('Disputed Amount')," while "[t]he balance of the 2012 Judgment, including post judgment interest, after deducting the Disputed Amount, should be paid over directly to Plaintiffs' counsel on behalf of the Plaintiffs in accordance with the attached authorization." Attached to the declaration of the plaintiffs' attorney is an unidentified, single-page document, which purports to be signed by both plaintiffs, authorizing the defendant to satisfy the judgment in this action "by paying the full amount of the Judgment or such lesser amount that the District Court may direct, to our attorneys. . . . Fred Todino & Sons, Inc.'s authorization is provided as a Plaintiff in the Action and is not meant to represent that it has any legal or equitable interest in the Judgment." The plaintiffs' attorney requests in his declaration that: (i) the "Disputed Amount" be deposited with the court; (ii) the "balance of the 2012 Judgment including post judgment interest . . . be paid to Plaintiff's counsel on behalf of the Plaintiffs"; (iii) "[u]pon payment by [the defendant] of the amounts set forth in (i) & (ii), it . . . receive a satisfaction of the 2012 Judgment and release of the appeal bond"; and (iv) the Court issue an "order pursuant to 28 U.S.C. § 1651(a) restraining the New York City

Marshal from levying against [the defendant] with respect to the 2012 Judgment."

***Legal Standard***

"If any part of the relief sought is a money judgment . . . a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a). "Money paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute." Fed. R. Civ. P. 67(b). "The purpose of the deposit is to relieve the depositor of responsibility for a fund in dispute." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2991 (2d ed. 1997). Although Rule 67 does not speak of post-judgment interest, under certain circumstances it may be equitable to stop the accrual of post-judgment interest on the depositor once deposit is made. See Reliable Marine Boiler Repair, Inc. v. Mastan Co., 325 F. Supp. 58, 64 (S.D.N.Y. 1971) (where the funds have been in possession of the court and the defendant did not receive any interest on the funds or other benefit from them, it is as if the funds were deposited with the court in an interest-bearing account, and "it would be inequitable to tax [the defendant] for interest").

"[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This "authority is to be used sparingly and only in the most critical and exigent circumstances. It is only appropriately exercised where (1) Necessary or appropriate in aid of [the court's] jurisdiction, 28 U.S.C. § 1651(a), and (2) the legal rights at issue are indisputably clear." Wisconsin Right to Life, Inc. v. Federal Election Comm'n, 542 U.S. 1305, 1306, 125 S. Ct. 2, 3-4 (2004) ( internal citations, quotation marks and alterations omitted).

*Application of Legal Standard*

The plaintiffs dispute that Todino & Sons, Inc. has an interest in the judgment in this action. The dispute over the interest in the judgment in this action creates a risk of liability for the defendant, as it faces legal obligations under the March 23, 2012 judgment and the Levy and Demand. Rule 67 is an appropriate vehicle to relieve the defendant from responsibility for the funds at issue.

Although the declaration of the plaintiffs' attorney purports to be "in support of the defendant's motion," it is not what it purports to be. The declaration seeks relief different from the relief sought by the defendant's motion; most importantly, it seeks an order denying the defendant's request to deposit "the entire value of the judgment" and, instead, an order directing the defendant to deposit the "Disputed Amount," sought in the Levy and Demand. It also seeks an order denying the defendant's request for an order of Satisfaction of Judgment and Release of Bond upon the defendant's deposit of the entire judgment with the court, and, in its stead, an order of satisfaction of the judgment upon the defendant's (i) deposit with the court of the "Disputed Amount"; and (ii) payment of the balance of the judgment to the plaintiffs' attorneys. Moreover, the unidentified, one-page document attached to the declaration, purports to authorize the defendant to pay "the full amount of the Judgment" or "such lesser amount that the District Court may direct" to the plaintiffs' attorneys. The declaration's request for an order directing the defendant to deposit with the court $706,927.74, the amount sought in the Levy and Demand, and to pay the remainder of the judgment to the plaintiffs' counsel, is directly opposite to the purported authorization that the defendant pay "the full amount of the Judgment" to the plaintiffs' counsel. Additionally, Todino & Sons, Inc.'s position, that it has no interest in the judgment in this action, is inconsistent with the purported authorization by Todino & Sons, Inc.

that the defendant pay "the Judgment or such lesser amount that the District Court may direct" to the plaintiffs' attorneys. Notwithstanding the above-mentioned inconsistencies and the plaintiffs' failure to comply with Local Civil Rule 7.1 of this court in responding to the defendant's motion and seeking "relief that goes beyond the denial of the motion," Local Civil Rule 7.1(b), and given the urgent nature of the defendant's motion, the Court considered the declaration of the plaintiffs' attorney in deciding the defendant's motion.

The defendant's obligation to satisfy the March 23, 2012 judgment is impacted by the plaintiffs' position that Todino & Sons, Inc. has no interest in the judgment. The defendant has no interest in the funds or whether Todino & Sons, Inc. has an interest in the judgment. The defendant will not receive any interest or other benefit once the funds are deposited with the court, pursuant to Rule 67. Since Todino & Sons, Inc.'s interest in the judgment is disputed, the only proper and prudent way to protect the defendant from liability arising from the dispute, and to preserve the funds pending determination of the dispute, is to direct the defendant to deposit the funds with the court. Accordingly, granting the defendant's request for leave to deposit the funds with the court, pursuant to Rule 67, is warranted. The Court finds that it is equitable, in the circumstance of this action, to halt the accrual of post-judgment interest on the date of the deposit.

The defendant failed to establish that the extraordinary remedy of issuing a writ pursuant to 28 U.S.C. § 1651(a) is proper here, because it did not show that issuing such a writ is necessary or appropriate in aid of the Court's jurisdiction and that the legal rights at issue are indisputably clear. Thus, granting this part of the motion is not warranted.

**Conclusion**

For the foregoing reasons, the defendant's motion, Docket Entry No. 222, is granted, in

part, and denied, in part. The defendant is directed to submit to the Court, expeditiously, a proposed order in compliance with Local Civil Rule 67.1 of this court.

Dated: New York, New York  SO ORDERED:
      March 29, 2013

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE