UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ZEREGA AVENUE REALTY CORP and   :
FRED TODINO & SONS, INC.,
                                :
           Plaintiffs,
                                :
     -against-                              **MEMORANDUM AND ORDER**
                                :
HORNBECK OFFSHORE                           04 Civ. 9651 (KNF)
TRANSPORTATION, LLC,            :
           Defendant.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

On March 22, 2013, the Court granted the plaintiffs' ex parte application for a temporary restraining order ("TRO"), barring and enjoining the defendant, the Trustees of the Local 282 Pension Trust Fund ("Trustees"), the New York City Sheriff's Office and the New York City Marshal, and all other interested parties from executing upon the March 23, 2012 judgment awarded in this case and, pending the hearing on the motion, staying "the restraint and/or writ of the New York City Marshal or the New York City Sheriff's Office." The TRO directed the defendant and all other interested parties to show cause why the Court should not enter:

> (i) an order (a) permitting the amendment of Plaintiffs' First Amended Complaint dated June 30, 2005 [Docket No. 205] (the "Amended Complaint") to raise the unpleaded issue of the nature and extent of the Plaintiffs' interests in the real property known as 1000 Zerega Avenue, Bronx, New York ('the "Premises") and to conform the Amended Complaint to the evidence in the record and the public records establishing that Zerega was the sole owner of the Premises at all times relevant, and amending this Court's March 23, 2012 judgment (the "2012 Judgment") accordingly, pursuant to Fed. R. Civ. P. 15(b)(2), or, in the alternative, (b) amending the 2012 Judgment pursuant to Fed. R. Civ. P. 60(a) and/or 60(b)(1) so that the damages are awarded solely to [Zerega Avenue Realty Corp], rather than to both Plaintiffs;
> (ii) an order pursuant to CPLR §5239, determining that the full amount due under the 2012 Judgment is payable to Zerega, as the sole owner of the Premises, and vacating and/or voiding the execution and levy of the 2012 Judgment; (iii) a temporary restraining order staying the execution of the 2012 Judgment by a certain judgment

creditor of Fred Todino & Sons, Inc., the New York City Sheriff's Office and the New York City Marshal, and staying the restraint or writ of the New York City Marshal, pending a determination of this application by the Court; and (iv) an order granting Plaintiffs' counsel a charging lien on the 2012 Judgment pursuant to N.Y. Judiciary Law § 475.

*Legal Standard*

A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment, whether they be oral, or written, and there is no provision in the rules or any statute that is inconsistent with this power. . . . Thus, whether the case *sub judice* be civil or criminal, so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.

United States v. LoRusso, 695 F.2d 45, 53 (2d Cir. 1982) (internal citations and alteration omitted).

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

"The court may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

Rule 65(c)'s bond requirement serves a number of functions. It assures the enjoined party that it may readily collect damages from the funds posted in the event that it was wrongfully enjoined, and that it may do so without further litigation and without regard to the possible insolvency of the plaintiff.

Nokia Corp. v. Interdigital, Inc., 645 F.3d 553, 557 (2d Cir. 2011).

*Application of Legal Standard*

The plaintiffs failed to satisfy the requirements for obtaining a TRO, under Rule 65.

2

First, the plaintiffs failed to present specific facts showing that immediate and irreparable injury, loss, or damage will result to them before the adverse party can be heard in opposition, as required by Rule 65(b)(1)(A). Other than reciting the procedural history of this case and stating that the defendant was served with the Levy and Demand to execute on the Trustees' judgment against Todino & Sons, Inc., the plaintiffs did not identify the immediate and irreparable harm that will result or specified how or why each plaintiff will be injured absent an ex parte TRO. The affidavit of the plaintiffs' attorney does not mention any harm, injury, loss or damage. Second, the plaintiffs' attorney failed to certify in his affidavit, pursuant to Rule 65(b)(1)(B), any efforts made to give notice and the reasons why it should not be required. Third, the plaintiffs did not give security, as required by Rule 65(c) in connection with obtaining the TRO. Based on these deficiencies in the plaintiffs' TRO application, the Court has determined that, in the interest of justice, it must reconsider its decision to issue the TRO. Having done so, the Court concludes that it issued the TRO improvidently; therefore, the TRO cannot stand.

*Conclusion*

For the foregoing reasons, the March 22, 2013 TRO issued by the Court is vacated.

Dated: New York, New York  
       March 29, 2013

SO ORDERED:

_____  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE